GailAnn Y. Stargardter (SBN 250749)
gstargardter@lslawoffices.com
LEHAVI STARGARDTER, LLP
P.O. Box 5973
Orange, CA 92863
T: (949) 570-9575
F: (949) 570-9580

Attorneys for Defendant State Farm General Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MOJICA and JULIO ARANDA, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM GENERAL INS, CO., an Illinois corporation,<br><br>Defendant. | CASE NO. 3:22-cv-01997 L (DDLx)<br><br>**OPPOSITION TO PLAINTIFFS' IMPROPER "EMERGENCY" MOTION TO AMEND SCHEDULING ORDER [DOC 38]** |

## I. <u>Introduction</u>

Defendant State Farm General Insurance Company ("State Farm") opposes and objects to Plaintiffs' improper, untimely, and unsupported Emergency Motion to Amend Scheduling Order ("Motion"). Contrary to Plaintiffs' suggestion, their Motion does ***not*** seek to extend fact discovery – it seeks to ***reopen*** fact discovery, which closed more than two weeks ago.

No good cause supports their improper request. Plaintiffs have not identified what additional fact discovery they are seeking, why they could not have obtained that discovery prior to the discovery cut-off, and why that discovery is relevant and proportional to the needs of this lawsuit. Plaintiffs also failed to diligently meet and

confer, or seek timely relief from the Court, regarding any outstanding dispute before fact discovery closed on January 22, 2024.

State Farm does not oppose Plaintiffs' request to extend expert discovery only, which has not yet closed, in principle. However, State Farm does oppose Plaintiffs' improper means of requesting such relief by this Motion, which flouts the Court's Chambers Rules.

## II. <u>Plaintiffs' Improper Motion Violates the Court's Rules</u>

This Court follows a considered approach to resolving discovery disputes and scheduling issues, which Plaintiffs' Motion wholly disregards.

The Court's Chambers Rules require that any motion to extend or amend scheduling order deadlines must be brought in a single motion, whether or not the parties agree to the extension. (Chambers Rule III(E).) The motion must state good cause and, importantly, must state the basis for any party's opposition. (*Id*.) Here, Plaintiffs unilaterally filed their Motion without notice to State Farm. They did not obtain State Farm's signature, or even provide a copy of the Motion to State Farm, before filing. (Dkt. 38; Stargardter Decl., ¶3.) Consequently, the Motion contains only Plaintiff's position, and omits the reasons why State Farm opposes the request, which are numerous.

The Court's Chambers Rules provide that a party may only file a motion regarding a discovery dispute after meet and confer attempts have been exhausted *and* after the Court has conducted a pre-motion conference. (Chambers Rule III(A) & (C).) Plaintiffs flouted both requirements here. They did not contact the Court or meet and confer regarding any particular information or documents they purportedly needed before fact discovery closed on January 22, 2024. (Stargardter Decl., ¶¶ 31-38.)

Moreover, the time to bring any dispute regarding discovery served before the cut-off has long since passed. The Court's Chambers Rules require the parties to seek relief "**within 30 days** of the event giving rise to the dispute." (Chambers Rule III(D) (emphasis in original).) Plaintiffs' Motion discusses a purported dispute regarding discovery served in March 2023, and responded to in July 2023. (Dkt. 38, p. 2.) Plaintiffs

did not initiate ***any*** meet and confer regarding purported deficiencies in State Farm's responses to their First Set of Requests for Production until November 29, 2023, about four months later. (Stargardter Decl., ¶¶9 & 14.) State Farm promptly responded to Plaintiffs' letter and, as of early December, understood that the issues were resolved. (Stargardter Decl., ¶¶15-18.) Had any material dispute remained, Plaintiffs could have timely raised it with the Court. They failed to do so.

Plaintiffs then waited until January 2, 2024, to raise additional issues with State Farm's July 2023 responses, and to initiate a meet and confer regarding State Farm's November 6, 2023 responses. (Stargardter Decl., ¶23.) Again, had any genuine need for additional discovery or further responses existed, Plaintiffs could have completed a meet and confer and timely raised the issue with the Court pursuant to its Chambers Rules. Plaintiffs failed to do so.

Plaintiffs' unilateral "emergency" Motion also violates the Court's Local Rules regarding *ex parte* relief. Local Civil Rule 83.3(g) (requiring a supporting declaration or affidavit).

**III. <u>No Good Cause Supports Plaintiffs' Request to Re-Open Fact Discovery</u>**

Plaintiffs vaguely claim in their Motion that "the importance of the information unearthed in State Farm's recent productions and the diligence Plaintiffs have exercised in trying to avoid this delay" justify reopening fact discovery. (Dkt. 38, p. 3.) That unsupported claim fails.

Plaintiffs filed their Complaint in this matter in 2022. It presents a narrow issue: whether coverage exists under Plaintiffs' homeowners policy for a loss involving tens of thousands of gallons of water escaping from a pinhole pipe leak, where the policy excludes coverage for water losses that occur "over a period of time." That language is clear and unambiguous as a matter of California law. *Brown v. Mid-Century Ins. Co.*, 215 Cal.App.4th 841 (2013). Fact discovery, which should have focused on the facts of Plaintiffs' loss and which the Court twice extended, closed January 22, 2024, more than one year later.

Long before the close of fact discovery, on July 10, 2023, State Farm produced claim file documents related to Plaintiffs' claim. State Farm provided the non-confidential or non-privileged portions of its Operation Guidelines on December 15, 2023. On December 20, 2023, immediately after entry of the protective order in this case, State Farm produced an additional 1309 pages of its Operation Guidelines, Standard Claim Practices, and California Jurisdictional References. Weeks later, State Farm produced three witnesses for deposition (including the claim handler and supervisor on Plaintiffs' claim and a Rule 30(b)(6) deponent, Gerald Newlin).

Importantly, Plaintiffs insisted on proceeding with Mr. Newlin's deposition knowing that State Farm's collection and production of claim training documents requested in Plaintiff's January 2, 2024 letter, was ongoing. State Farm had objected to producing those documents in response to Plaintiff's Request for Production No. 4 on July 10, 2023, based on, among other things, lack of relevancy and proportionality to the issues involved in this case. Nonetheless, in an effort to resolve the dispute that Plaintiffs had inexplicably waited to raise, State Farm agreed to collect and provide additional documents, notwithstanding its objections. State Farm also offered to produce Mr. Newlin for deposition after it completed its additional production, but Plaintiffs refused. (Stargardter Decl., ¶¶24-30.)

Contrary to Plaintiffs' unsupported claim in their Motion, the training documents responsive to Request for Production No. 4 do not "unearth" new or important information related to Plaintiffs' claim. (Dkt. 38, p. 3.) As Mr. Newlin testified during his deposition, any individual or group training provided to State Farm employees on the handling of water losses linked back to the Operation Guidelines, Standard Claim Practices, and Jurisdictional References previously produced. (Stargardter Decl., ¶¶42 & 43; Newlin Depo., pp. 90:11-95:1, 175:12-25.)

Plaintiffs' Motion also omits that State Farm offered, in its February 5, 2024 letter, to consider responding to a specific request for additional information relevant and proportional to the needs of this case even after fact discovery closed. (Stargardter Decl.,

¶36 and Exhibit A.) Plaintiffs repeatedly stated they would provide State Farm with a detailed letter setting forth what additional information or documents they wanted State Farm to produce. (Stargardter Decl., ¶¶31-36.) Plaintiffs never provided such a letter. (*Id*.) Instead, they filed this Motion. Tellingly, they still fail to identify in their Motion any specific additional information they purportedly need that is responsive, relevant, and proportional to the issues involved in this case. (Dkt. 38.)

Plaintiffs failure to do so suggests that the true motivation for their Motion is to cure their own failure to timely provide adequate discovery responses. State Farm served written discovery on Plaintiffs in May 2023. After providing Plaintiffs with numerous extensions, Plaintiffs finally responded on August 14, 2023. Their responses were woefully inadequate, consisting mostly of promises to supplement their responses.

On December 20, 2023, one month before the discovery cut-off, State Farm sent a letter reminding Plaintiffs of their obligation, under Fed. R. Civ. 26(e)(1)(A), to supplement their incomplete responses. (Stargardter Decl., ¶22.) Plaintiffs failed to do so. Stargardter Decl., ¶¶22 & 43.) No good cause supports permitting Plaintiffs the opportunity to cure that failure now.

Finally, Plaintiffs' accusations of gamesmanship utterly lack support. As detailed above, State Farm has consistently worked with Plaintiffs in a good faith effort to resolve any discovery dispute. This includes State Farm's offer, on February 8, 2024, to stay all discovery issues for two weeks so that the parties could attempt to informally resolve the entire dispute through private mediation. (Stargardter Decl., ¶40.) Plaintiffs responded to that offer by filing this Motion.

## IV. Conclusion

For all of the foregoing reasons, State Farm opposes Plaintiffs' request to reopen fact discovery without any limitations as to scope. At a minimum, if the Court is inclined to grant the request, it should not allow Plaintiffs to propound additional discovery to State Farm, or to belatedly cure their own failure to adequately respond to discovery. State Farm does not oppose Plaintiffs' request to extend expert discovery, which has not

yet closed, in principle, but does object to Plaintiffs' improper means of requesting such relief.

Dated: Februarv 11. 2024

LEHAVI STARGARDTER. LLP

By: */s/GailAnn Y. Stargardter*
GailAnn Y. Stargardter
Attorneys for Defendant State Farm Insurance Company