Sander R. Dawson, Bar No. 302431
Vanessa A. Albert, Bar No. 309576
Steven C. Dawson (*pro hac vice),* AZ Bar No. 006674
Anita Rosenthal (*pro hac vice),* AZ Bar No. 006199
Dawson & Rosenthal, P.C.
421 Broadway, #380
San Diego, California 92101
Telephone: (619) 354-1652
dandr@dawsonandrosenthal.com
*Attorneys for Plaintiffs*
*Jennifer Mojica and Julio Aranda*

LEHAVI STARGARDTER, LLP
GailAnn Y. Stargardter, SBN 250749
P.O. Box 5973
Orange, CA 92863
Tel.: 949-570-9575
Fax: 949-570-9580

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER M. HOFFMAN, Cal Bar No. 240600
jhoffman@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

*Attorneys for Defendant*
*State Farm General Insurance Company*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Mojica and Julio Aranda,<br>Plaintiffs,<br>v.<br>State Farm General Ins. Co.,<br>Defendant. | Case No.: 3:22-cv-01997-L-DDL<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's order, the parties submit this Joint Status Report regarding (1) outstanding fact discovery disputes and (2) their positions on continuing the pretrial deadlines. (Dkt. 43, Minute Order.)

## I. Plaintiffs' Position

Plaintiffs served targeted discovery requests in May 2023 relating to two issues: (1) the handling of Plaintiffs' claim, and (2) the company policies and incentives underlying that conduct. But State Farm largely refrained from engaging in the discovery process until mid-December 2023, limiting its disclosures to: (1) the policy and (2) the claim file. State Farm responded to Plaintiffs' discovery requests with a lengthy list of boilerplate objections; these were improper and insufficient under the Federal Rules and 9th Circuit law. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584,587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). The party resisting discovery has a "heavy burden" of showing why the discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418 (9th Cir. 1975). State Farm's objections on relevance grounds cannot carry this burden; the pleadings define the scope of relevance, and the Court—not the parties—decides what is and is not relevant.

Under Rule 34, moreover, "[a]n objection ***must*** state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Nothing in State Farm's responses or objections indicated anything of the sort, and Plaintiffs, consequently, were unaware of crucial information and documents—despite having requested them—until the close of discovery.

Thus, as discussed during the previous status conference, discovery in this case remained at a virtual standstill until the Court order State Farm to "produce all non- privileged documents responsive to Plaintiffs' requests for production" by December 31, 2023. (Dkt. 35 at 2.) State Farm provided its first meaningful production after that.

Since then, State Farm has produced thousands of pages of relevant and responsive documents, along with repeated assurances that additional documents are forthcoming.[1]

Plaintiffs seek an additional 60 days to complete discovery, which includes: (1) receiving, reviewing, and conducting any necessary follow-up discovery on documents State Farm agreed to produce but Plaintiffs have not yet received; (2) obtaining documents and information responsive to Plaintiffs' existing discovery requests; and (3) conducting limited follow-up discovery based on the information revealed through State Farm's recent document productions.

The topics for follow-up discovery are limited to ones revealed through documents produced by State Farm *after* December 2023. Specifically, Plaintiffs seek to depose a 30(b)(6) representative for State Farm about the company's efforts to reduce the number and average amount of paid homeowners claims—specifically non-catastrophe, non-weather related water loss claims— including the company policy or policies implemented or in place between 2018 and the present; their rationale, basis, and implementation; the related objectives, targets, and goals, both for the company and for the relevant division, section, team, and claims personnel involved in handling Plaintiffs' claim; and the results of these measures, including their impact on the number and average severity of paid water loss claims (non-catastrophe, non-weather-related). Plaintiffs also seek leave to propound additional written discovery, limited to five requests for production and three interrogatories, all related to: (1) the handling of the claim, and/or (2) the company policies, incentives, and pressures underlying that conduct.[2]

---

[1] Its latest production, which Plaintiffs received an hour before the recent Discovery Conference on February 14, consists of over 650 files, including well over a thousand pages of documents and some 150 audio and video files.

[2] One RFP will request the raw data file from State Farm's Xactware software suite of programs, where notes or communications from the water mitigation vendor apparently exist but have not been produced despite repeated, specific requests. One interrogatory will request a glossary of company terms and acronyms used throughout the documents.

The discovery previously agreed to includes[3] a 30(b)(6) topic State Farm agreed to during meet-and-confer discussions about the 30(b)(6) categories, but now objects to on the ground that Plaintiffs' counsel did not take the deposition when offered. That topic concerns changes to State Farm's homeowners insurance policy, and related communications with the CDI and policyholders. The extension would allow the parties time to resolve this dispute.

Finally, in the recent productions, State Farm redacted numerous documents based on "responsiveness," relevance, and privilege. The redactions based on responsiveness to Plaintiffs' requests and relevance fail because (A) the information is both responsive and relevant, and (B) these are not valid grounds for redacting relevant information, especially with a blanket protective order in place. Plaintiffs object to State Farm's privilege-based redactions and request *in camera* review based on the face of the documents, the surrounding context, and the information provided in State Farm's "responsiveness/privilege log." To the extent the communications involve an attorney and a client, they still are not entitled to privileged treatment if they concern State Farm's regular business of insurance rather than legal advice being sought or given. Plaintiffs would thus ask the Court to review the documents *in camera* and provide an opportunity to brief the issue further. In the alternative, if the Court grants Plaintiffs' requested extension, Plaintiffs' counsel will continue efforts to resolve this dispute, along with the others, with opposing counsel.

The circumstances that led to the delay are tragic, and they are no one's fault. But they do not explain why State Farm waited until the end of fact discovery to produce relevant and discoverable documents that Plaintiffs requested in May of last year, nor do they excuse State Farm's obligation to participate in the discovery process.

Plaintiffs request for two months to complete and follow up on this discovery is reasonable and necessary. It will allow Plaintiffs to complete discovery and will give their

[3] This category also includes additional training materials and guidelines, and documents/communications from, to, or by the water mitigation vendor (ServiceMaster). Plaintiffs' counsel understands that these are being produced.

experts time to review and opine on the relevant materials. Moreover, this short extension should not delay the other pretrial deadlines or the trial in this case.

## II. Defendant's Position

In contravention of the Court's order, Plaintiffs did ***not*** meet and confer about the proposal outlined above. Plaintiffs sent no correspondence in the week since the last conference with the Court outlining their proposal, and State Farm's counsel only learned of Plaintiffs' proposal upon receipt of Plaintiffs' draft Joint Report ***after 2:30 pm on February 21***, the filing deadline. Plaintiffs' unjustifiable delay and disregard of the meet and confer process reflects their approach to discovery throughout this litigation, and underscores why the Court should deny their untimely request to reopen fact discovery at this late stage of the litigation.

The only meet and confer letter that State Farm received from Plaintiffs during the past week involved purported deficiencies in State Farm's responses to Requests for Production, Set One, served in July 2023. Plaintiffs had not previously mentioned most of the claimed deficiencies in the seven months since receipt of State Farm's responses, and have offered no reason for their delay in that regard. Moreover, the purported deficiencies largely consist of alleged failures to produce documents that either do not exist or were not requested. State Farm's counsel, not Plaintiffs, initiated that meet and confer and Plaintiffs' counsel did not provide a letter outlining the purported deficiencies until ***six minutes*** before the meeting. As a result, the parties were unable to complete a meaningful meet and confer on the purported existing discovery disputes before the deadline to file this Joint Report.

Notably absent from Plaintiff's newly unveiled proposal to reopen fact discovery is any explanation of ***why*** the additional discovery they seek leave to conduct is relevant to their claims and proportional to the needs of this case. All of Plaintiffs' case authority predates the 2015 amendment to FRCP 26 imposing the proportionality requirement. Rule 26 Fed. R. Civ. P. 26(b)(1) (limiting the scope of permissible discovery to nonprivileged matters ***"relevant*** to any party's claim or defense and ***proportional*** to the needs of the case ….") (emphasis added). Plaintiffs' failure to address both the relevance of the additional discovery they now seek to the claims alleged in their complaint, and its proportionality to

the needs of this straightforward water loss case, demonstrates the absence of good cause to grant their request. *3D Sys. v. Wynne*, 2023 WL 7003271 (S.D. Cal. Oct. 24, 2023) (affirming order denying additional discovery based on a lack of good cause and concerns that the additional requested discovery was overbroad, outside the scope, and duplicative of prior requests).

For example, Plaintiffs contend that they need to conduct additional discovery related to "the handling of the claim." Plaintiffs have already deposed the claim handlers and a corporate representative related to the handling of Plaintiffs' claim, and served numerous requests for production of documents related to Plaintiffs' claim. State Farm has not only produced claim file documents, but has also conducted at least four email archive searches for additional communications related to Plaintiffs' claim. Those searches located three pages of additional documents that State Farm produced. State Farm has also produced the ECRM report including correspondence with Plaintiffs' agent and the Xactanalysis detail including ServiceMaster notes. Plaintiffs identify no other category of documents related to the handling of their claim that actually exist within State Farm's files and that State Farm has not already produced.

State Farm also vigorously disputes that any deposition testimony or document produced to date reflects any "policies, incentives, or pressures" to deny covered water loss claims. Plaintiffs' assertion mischaracterizes documents reflecting State Farm's efforts to ensure claims personnel adherence to quality claim handling procedures or existing principles relating to proper investigation and documentation of water loss claims. They in no way reflect incentives or quotas, and have no bearing on the central issue in this case: coverage for Plaintiffs' claim, which the language of the policy and the facts of the claim control.

State Farm and Plaintiffs do agree on one critical point: State Farm has produced more than four thousand pages of documents in this straightforward water loss claim. The vast majority of State Farm's production consists of claim file documents and policy and procedure documents related to the handling of water loss claims. State Farm produced most of its nonconfidential documents in July 2023, and its confidential documents after the

Court entered the protective order in December 2023. Notwithstanding the close of fact discovery, State Farm has agreed to gather some additional training documents which Plaintiffs contend are responsive to Request for Production No. 4, and will serve an amended response once it has completed its supplemental production. State Farm disputes, however, that any additional documents it may produce are relevant to the issues involved in this case as framed by Plaintiffs' Complaint or State Farm's Motion for Summary Judgment.

In lieu of Plaintiffs' proposal, State Farm proposes that, to the extent any existing discovery disputes remain after State Farm completes its supplemental production, Plaintiffs can pursue relief from the Court on any such issue pursuant to the Court's Chambers Rules.

DATED: February 22, 2024

DAWSON & ROSENTHAL, PC

*/s/ Sander R. Dawson*
Sander R. Dawson
Vanessa A. Albert
Steven C. Dawson
Anita Rosenthal
*Attorneys for Plaintiffs*

LEHAVI STARGARDTER, LLP

*/s/ GailAnn Y. Stargardter*
GailAnn Y. Stargardter

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
*/s/ Jennifer M. Hoffman*
JENNIFER M. HOFFMAN
JEFFREY S. CROWE

*Attorneys for Defendant*
*State Farm General Insurance Company*